IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| REGINALD REECE | § | |
| v. | § | CIVIL ACTION NO. 5:06cv272 |
| AMBER McCUEN, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Reginald Reece, proceeding *pro se*, filed this civil rights lawsuit complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Reece's lawsuit concerns the circumstances surrounding the revocation of his parole. He says that a parole revocation warrant was issued for his arrest on October 4, 2006, and he turned himself in. A week later, Vickie Johnson came to see him and told him that she had been designated as his parole officer while he was in jail. Reece declined to waive his right to a parole hearing, and Johnson said that she would come back the next day with a hearing date, but she never returned,

On October 18, 2006, Reece says, he and his family contacted Johnson about his hearing date. Johnson said that she did not know what she and Amber McCuen, Johnson's parole officer from before his revocation, were going to do with him. On November 2, Reece and his family again contacted Johnson. At this time, his family asked whether, if Reece was held for 30 days without a hearing, he was supposed to be released and have the warrant dropped. Johnson told them to contact McCuen, who in turn said that she was not dropping the warrant because she did not want Johnson released.

1

Johnson asked in his lawsuit for injunctive relief against Johnson and McCuen, directing that the warrant be lifted and that he be released to continue on supervision, or for such other relief which the Court may deem proper. He also filed a separate motion for injunctive relief, complaining that he has been held for over 30 days without a hearing being held.

After review of the pleadings, the Magistrate Judge issued a Report on February 5, 2007, recommending that the lawsuit be dismissed. The Magistrate Judge observed that under Supreme Court precedent, parole revocation hearings must be held within a "reasonable time" after the parolee is taken into custody. Morrissey v. Brewer, 408 U.S. 471, 488 (1972). The Constitution does not set a specific time period for this hearing; in Beck v. Wilkes, 589 F.2d 901 (5th Cir.,) *cert. denied* 444 U.S. 845 (1979), the appellant suffered a 13-month delay between the revocation warrant and the final revocation hearing, which directly caused a loss of liberty for six of the 13 months; however, the Fifth Circuit declined to hold that the delay was unconstitutional, stating that a showing both of unreasonable delay and of prejudice was required before a person could be entitled to release because of delay in obtaining a final hearing.

In the present case, Reece's parole revocation warrant was issued on October 4, 2006, less than two months before the signing of the lawsuit. The Magistrate Judge concluded that Reece had failed to show that he had ben subjected to an unreasonable delay, and that his claim on this point was therefore without merit.

The Magistrate Judge went on to state that even if the failure to hold a hearing within this time period was a violation of Arkansas law under the terms of the Interstate Corrections Compact, this would not rise to the level of a Section 1983 violation because rights which arise under the ICC are creations of state law rather than federal law.

Finally, the Magistrate Judge concluded that to the extent that Reece sought release from confinement, his claim sounded in habeas corpus and could not be pursued through the vehicle of a Section 1983 lawsuit. The Magistrate Judge therefore recommended that the lawsuit be

dismissed, although without prejudice to Reece's right to challenge his current confinement through any lawful means.

Reece received a copy of the Magistrate Judge's Report on February 5, 2007, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice. Such dismissal shall not prevent the Plaintiff Reginald Reece from challenging the legality of his confinement through any lawful means. It is further

ORDERED that the Plaintiff's motion and amended motion for injunctive relief are DENIED. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 30th day of March, 2007.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE